IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

LENA RICE ONEAL,

               Plaintiff,         Civil No. 04-5616 (JBS)

      v.

LESTER A. DRENK BEHAVIORAL         **MEMORANDUM OPINION**
HEALTH CENTER, et al.,

               Defendants.

**SIMANDLE**, District Judge:

This matter arises out of the complaint and amended complaint of Plaintiff Lena Rice Oneal [Docket Items 1 and 2]. THIS COURT FINDS AS FOLLOWS:

1.  Plaintiff Lena Rice Oneal, pro se, filed a complaint and amended complaint in November 2004, naming the Lester A. Drenk Behavioral Health Center (the "Health Center"), various Health Center employees, and three United States federal probation officers as defendants.  The complaint states that Ms. Rice is the victim of civil rights violations, an unspecified "misdiagnosis," and "mental abuse."  (Compl. 2.)  On February 9, 2005, the Court granted Ms. Oneal's application to proceed in forma pauperis ("IFP") [Docket Item 6].

2.  Since filing the complaint, Ms. Oneal has made numerous submissions to the Court that complain vaguely of abuse, humiliation, and intimidation perpetrated by the United States Probation Office (the "Probation Office") [Docket Items 3, 4, 7,

8, 9, 12, 13]. These submissions, which are handwritten and very difficult to decipher, appear to allege that employees of the Probation Office violated her rights as a person under supervision through such acts as stealing various items of personal property from the plaintiff, including legal papers and medical supplies. Ms. Oneal also alleges that the Honorable Joseph H. Rodriguez, United States District Judge, before whom she appeared in numerous earlier proceedings, violated her right to freedom of speech [Docket Item 4 at 8].

3. On February 16, 2006, the Clerk of the Court issued a notice of call for dismissal pursuant to Local Civil Rule 4(m) directing Plaintiff to appear before the Court on March 3, 2006 and noting that "unless sufficient cause to the contrary is shown, the case will be dismissed for lack of prosecution" [Docket Item 14]. At the March 3, 2006 hearing, the Court expressed its concern that Ms. Oneal's claims in this action were duplicative of matters that had been adjudicated in earlier litigation.[1] Appearing at the March 3 hearing, Ms. Oneal confirmed that she remained dissatisfied with the judgment entered against her in the prior litigation, saying essentially

---

[1] Ms. Oneal has filed numerous complaints against the Probation Office and various probation officers. See Oneal v. Butterwick et al., Civil Action No. 03-480 (JHR); Oneal v. United States Federal Probation et al., Civil Action No. 05-5509 (MLC); Oneal v. Burlington County Prosecutor's Office et al., Civil Action No. 06-5013 (RBK).

2

that if she had an opportunity to file her papers in the Court of
Appeals, she would not have to raise this matter now in the
District Court, that is, that her Complaint herein is asking this
Court to reexamine the same circumstances addressed previously by
Judge Rodriguez.  In its March 7, 2006 letter to Ms. Oneal, the
Court reiterated its concerns and directed Ms. Oneal to mail the
Court a written response within ten days in which she was to "be
specific as to precisely what new matters are contained in this
present case."

4.  In her written response, dated March 17, 2006, Ms. Oneal
appears to argue that the instant matter is not duplicative of
previously litigated matters, noting that in her earlier
proceeding, "Senior Federal Judge Rodriguez erred in both law and
legal ethics" [Docket Item 18 at 4].  Ms. Oneal further states
that she was "not allowed at the hearings" before Judge Rodriguez
and that in her earlier litigation, she was "barred from filing
any legal paper work"[2] [id. at 9].  The March 17, 2006 submission

_____

[2]  In one of Ms. Oneal's previous actions against multiple
United States probation officers, after Judge Rodriguez granted
the defendants' motion for summary judgment and declined Ms.
Oneal's request to reopen the case, Ms. Oneal embarked on "a
letter writing campaign" to the court.  Oneal v. Butterwick,
Civil Action No. 03-480 (JHR), dkt. item 47 at 2.  The court,
finding that it had afforded Ms. Oneal the opportunity to correct
the deficiencies in her pleadings and that she nonetheless
had failed to state a claim showing she was entitled to the relief
sought, ordered Ms. Oneal to cease filing further documents in
that case without court permission.  Id. at 3-4.

continues to allude to "well documented civil rights violations" committed by the Probation Office [id. at 5].

5.   Under 28 U.S.C. § 1915(e)(2), the Court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  When determining whether a plaintiff has failed to state a claim for which relief can be granted, the Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn from them and view them in the light most favorable to the [plaintiff]." AT & T Corp. v. JMC Telecom, LLC, 470 F.3d 525, 530 (3d Cir. 2006).  In addition, the submissions of pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

6.   The Court finds that Ms. Oneal has failed to state a claim for which relief can be granted.  First, to the extent that Ms. Oneal's submissions can be understood, they appear to be identical to the issues that were litigated and adjudicated in Oneal v. Butterwick et al., Civil Action No. 03-480 (JHR), and Ms. Oneal is collaterally estopped from relitigating those issues before this Court.[3]  The application of the doctrine of

---

[3]   The Court may address the doctrine of collateral estoppel sua sponte. See, e.g., Bieregu v. Ashcroft, 259 F. Supp. 2d 342, 352 (D.N.J. 2003).

collateral estoppel is appropriate only where four elements are
satisfied:

> (1) the issue decided in the prior adjudication was
> identical with the one presented in the later action; (2)
> there was a final judgment on the merits; (3) the party
> against whom the plea is asserted was a party or in
> privity with a party to the prior adjudication; and (4)
> the party against whom it is asserted has had a full and
> fair opportunity to litigate the issue in question in a
> prior action.

Walker v. Horn, 385 F.3d 321, 337 (3d Cir. 2004).  All four
elements are present in the instant case.

    7.  First, the issues in this case and Oneal v. Butterwick
appear to be identical.  In Oneal v. Butterwick, as in this
matter, Ms. Oneal alleged that the same United States probation
officers named as defendants in this case violated her civil
rights by, inter alia, harassing her, mentally abusing her, and
interfering with her personal possessions (including medical and
legal papers).  See Oneal, Civil Action No. 03-480 (JHR), dkt.
item 35 at 4-5.  Although Ms. Oneal's submissions in both cases
are short on specifics as to the nature of the harassment and
interference with property that she alleged, she was afforded
extensive opportunities in both actions to clarify the facts
underlying her claims, but failed to articulate a clearer factual
basis.  To the extent, then, that Ms. Oneal's vague allegations
in either action can be considered to raise specific issues,
those issues appear to be identical in this case and the previous
one.

8.   The decision in <u>Oneal v. Butterwick</u> "was a final
judgment on the merits." <u>Horn</u>, 385 F.3d at 337.  The court's
order of  summary judgment in that case stated that "[t]he
Complaint will be dismissed without prejudice to Plaintiff's
right, within twenty days of the date of this Order, or by
September 7, 2004, to replead in accordance with Rule 8 of the
Federal Rules of Civil Procedure . . ." <u>Oneal</u>, Civil Action No.
03-480 (JHR), dkt. item 35 at 8.  On November 17, 2004, the court
held that Ms. Oneal had failed to cure the inadequacy of her
submissions, ordered that the case remain closed, and barred Ms.
Oneal from submitting further documents in the case without court
permission.  <u>Oneal</u>, Civil Action No. 03-480 (JHR), dkt. item 47
at 4.  The initial entry of summary judgment, coupled with the
court's subsequent ruling that Ms. Oneal's repleading was
insufficient to disturb the summary judgment order, amounted to a
final judgment on the merits.  Cf. <u>Hubicki v. ACF Industries,
Inc.</u>, 484 F.2d 519, 524 (3d Cir. 1973) (in the claim preclusion
context, noting that "the law is clear that summary judgment is a
final judgment on the merits").

9.   Additionally, Ms. Oneal was a party to the prior
adjudication who had extensive opportunities to litigate the
issues in question.  <u>Horn</u>, 385 F.3d at 337.  As was noted, <u>supra</u>,
even after the court entered an order of summary judgment in
favor of the defendants, it permitted Ms. Oneal to replead in

order to correct the shortcomings the court had identified.  Only after Ms. Oneal made these later submissions, which the court likewise found to be legally insufficient, did the court issue a final order closing the case.  This Court thus finds that Ms. Oneal had the opportunity to litigate these issues in the earlier proceedings.

10.  In sum, the Court holds that Ms. Oneal is collaterally estopped from relitigating her claims of harassment and abuse against the Probation Office and its employees that were adjudicated in Oneal v. Butterwick.

11.  With the latitude afforded to pro se litigants in mind, the Court in its March 7, 2006 letter asked Ms. Oneal to clarify what issues in this case she believed were distinct from matters that were decided in her previous cases.  Ms. Oneal's submission in response confirms that she has failed to state a claim for which relief can be granted.  In this final submission, Ms. Oneal repeats her claims of "well documented civil rights violations" perpetrated by the Probation Office [Docket Item 18 at 5], which the Court has already found to be barred by the doctrine of collateral estoppel.

12.  The only other discernable issue raised in Ms. Oneal's March 17, 2006 submission is her dissatisfaction with the proceedings in Oneal v. Butterwick.  Ms. Oneal argues that "Senior Federal Judge Rodriguez erred in both law and legal

7

ethics" and complains about the order precluding her from making further written submissions in that case [Docket Item 18 at 4, 9]. This is likewise a claim for which no relief can be granted. A district court cannot review the decisions of another district court. See Celotex Corp. v. Edwards, 514 U.S. 300, 313 (1995) (noting that "it is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected") (citation omitted).

13. Because this action "fails to state a claim on which relief may be granted," the Court will dismiss Ms. Oneal's case. 28 U.S.C. § 1915(e)(2)(B)(ii). As the court observed in one of Ms. Oneal's previous lawsuits against the Probation Office,

> [t]he Court ordinarily would dismiss the complaint as being frivolous and failing to state a claim on which relief may be granted, but without prejudice and with leave to amend . . . . But the complaint does not exist in a vacuum.

Oneal v. United States Federal Probation et al., Civil Action No. 05-5509 (MLC), dkt. item 2 at 3 (citations omitted). The court in that case determined that Ms. Oneal's complaint was filed in an effort to circumvent Judge Rodriguez's order barring future filings without court permission and dismissed the case with prejudice. Id. at 4. Based on its findings regarding the identity of the claims in this case and Ms. Oneal's previous

8

litigation, this Court agrees that Ms. Oneal's submissions in this case constitute an impermissible effort to sidestep Judge Rodriguez's order.  Plaintiff's allegations herein are, quite simply, barred by the unfavorable final judgment previously entered, and Plaintiff cannot use this new Complaint as a means for appealing from Judge Rodriguez's prior judgment. Accordingly, the Court will dismiss Ms. Oneal's case with prejudice.


**December 17, 2007**                              **s/ Jerome B. Simandle**
Date                                               Jerome B. Simandle
                                                   U.S. District Judge